IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-40-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALEC REDNER ) | |

Defendant, Alec Redner, moves to dismiss the indictment against him pursuant to Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure, contending that the application of 18 U.S.C. § 875(c) to Redner's alleged communication made on or about January 13, 2014, invades constitutionally protected political speech protected by the First Amendment to the United States Constitution. The government has responded in opposition to the motion to dismiss, and, for the reasons discussed below, Redner's motion is denied.

## BACKGROUND

On March 18, 2014, Redner was indicted for knowingly and willfully transmitting in interstate and foreign commerce, via a computer and the Internet, a communication containing a threat to injure the person of another individual in violation of 18 U.S.C. § 875(c). Redner moved to dismiss the indictment against him on May 5, 2014. On May 13, 2014, the government filed a superseding indictment, adding an additional count against Redner of aiding and abetting another in corruptly attempting to alter, destroy, mutilate, and conceal an object, specifically a laptop computer, and records contained thereon, with the intent to impair their integrity and availability for use in an official proceeding in violation of 18 U.S.C. § 1512(c)(1) and (2). Because count one of the superseding indictment remains the same as count one of the

original indictment, the Court considers Redner's and the government's arguments as they pertain to count one of the superseding indictment.

The message allegedly sent by Redner was sent to the Mayor of Raleigh, North Carolina via the Mayor's publicly accessible website. The message included the following information: the name of the sender was listed as AntiZionist; the email address of the sender was listed as gofuckyourselfcommunist@yahoo.com; and the message sent was "You make a joke about the U.S. Constitution but soon you will be on the other end of the barrel bitch, watch out." [DE 17-1]. The message was first received by an employee of a company contracted to assist in the operation of the Mayor's website, who forwarded the message to the President and CEO of the company, who then forwarded the message to the Mayor stating "my developer got a copy of this form submission on your website. He wanted to bring it to my attention because it definitely looked threatening. I wanted to be sure to pass it along to you." [DE 17-1].

## **DISCUSSION**

"A motion to dismiss the indictment tests whether the indictment sufficiently charges the offense set forth against the defendant." *United States v. Brandon*, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). "A district court may dismiss an indictment under Rule 12 where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation and citation omitted). Section 875(c) is violated only where a communication contains a "true threat" to injure a person. *United States v. White*, 670 F.3d 498, 507 (4th Cir. 2012). A "true threat" is not speech that is protected by the First Amendment. *United States v. Landham*, 251 F.3d 1071, 1080 (6th Cir. 2001).

2

Redner asks that the Court hold as a matter of law that the communication at issue is on its face *not* a true threat but rather constitutionally protected political speech. To determine whether communications constitutes a true threat, a court looks to whether "an ordinary reasonable recipient who is familiar with their context would interpret those statements as a threat of injury." *United States v. Armel*, 585 F.3d 182, 185 (4th Cir. 2009) (alterations and citation omitted); *see also* White, 670 F.3d at 508. "If there is substantial evidence that tends to show beyond a reasonable doubt that an ordinary, reasonable recipient who is familiar with the context of the letter would interpret it as a threat of injury, the court should submit the case to the jury." *United States v. Maisonet*, 484 F.2d 1356, 1358 (4th Cir. 1973).

Four factors first applied by the Supreme Court in *Watts v. United States*, 394 U.S. 705 (1969), have been identified by this circuit to be relevant to determining whether a statement was a true threat: whether the statement was made in jest, whether it was made to a public audience, whether it was made in political opposition, and whether it was conditioned upon an event the speaker himself vowed would never happen. *United States v. Lockhart*, 382 F.3d 447, 451-52 (4th Cir. 2004); *United States v. Napa*, 370 Fed. App'x 402, 404-05 (4th Cir. 2010) (unpublished).

Applying these factors to the communication at issue here, the Court cannot find as a matter of law that the communication was not a true threat. There is nothing in nature of the communication to reveal that it was made in jest, and the communication was sent directly to its intended recipient via her website. *Compare Lockhart*, 382 F.3d at 451-52 (true threat communicated where defendant gave a letter to a Food Lion store manager stating that defendant would "put a bullet in [President Bush's] head" if he "refuses to see the truth and uphold the Constitution."). Unlike the speech at issue in *Watts*, this communication, even if politically

3

motivated, was not made in the context of a public rally or political forum and could reasonably be interpreted as far more than a "crude offensive method of stating political opposition." *Watts*, 394 U.S. at 708. Nor was the injurious event communicated conditioned on an event that the speaker vowed would never happen. The message clearly indicates that the Mayor will *soon* be on the other end of a barrel, which any reasonable person could conclude means to be held at gunpoint, and nothing in the message makes this event expressly conditional on the occurrence of any other event. Thus, when viewing the evidence in the light most favorable to the government, there is sufficient evidence "to decide that a reasonable recipient would interpret [Redner's communication] as a threat." *White*, 670 F.3d at 512 (quoting *United States v. Floyd*, 458 F.3d 844, 849 (8th Cir. 2006)).

For these reasons, dismissal for a defect in instituting the prosecution under Rule 12(b)(3)(A) is inappropriate and determination of whether a true threat is present and Redner's alleged conduct violated 18 U.S.C. § 875(c) should be submitted to a jury.

## CONCLUSION

Defendant's motion to dismiss count one of the indictment [DE 17] is DENIED.

SO ORDERED, this ___ day of June, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4