IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-40-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ALEC REDNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on defendant's motion for sequestration of United States' witness and to require the United States to designate one case agent [DE 18], defendant's motion for production of favorable and impeaching evidence [DE 19], and defendant's motion for notice of intention to use 404(b) evidence [DE 20]. For the reasons stated herein, the motion for sequestration is GRANTED and the other motions are DENIED.

## BACKGROUND

On March 18, 2014, defendant was indicted by the Grand Jury for communicating a threat in violation of 18 U.S.C. § 875(c). On May 13, 2014, the Grand Jury returned a superseding indictment charging defendant with communicating a threat in violation of 18 U.S.C. § 875(c) (Count One), and with obstruction of justice in violation of 18 U.S.C. § 1512(c)(1) and(2) (Count Two). On May 5, 2014, defendant filed the instant motions pursuant to the scheduling order [DE 16].

## DISCUSSION

In his motion for sequestration, defendant asks that all law enforcement officers, outside of one case agent designated as the government's representative, be sequestered from hearing

others' testimonies for the duration of defendant's trial pursuant to FED. R. EVID. 615 and *United States v. Farnham*, 791 F.2d 331 (4th Cir. 1995). Rule 615 provides for the exclusion of witnesses, at the request of a party, as a matter of right. *Farnham*, 791 F.2d at 334. "This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause." *Id.* at 334 n.4. The government's investigating agent may be exempted form sequestration under the second exemption, *see United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1083), but the government may only designate a single investigating agent as its designated representative. *Farnham*, 791 F.2d at 335. The only exception to this limit is when a party makes a showing that additional representatives are essential to the presentation of the case and, therefore, fit under exception 615(c).

The government did not respond to this motion or make a showing of need. Accordingly, the motion is granted and this Court orders the sequestration of all witnesses and potential witnesses that the United States intends to call at trial. Further the Court orders that the United States designate one case agent as its "representative" for the duration of defendant's trial and orders the sequestration of all other law enforcement officers from hearing others' (whether law enforcement or civilian) testimony for the duration of defendant's trial.

The Court denies defendant's motion for notice of intent to use Rule 404(b) evidence. The government is already obligated to notify the defendant should it intend to use evidence of the defendants' prior bad acts under Rule 404(b). *See* FED. R. EVID. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial

if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."). Defendant's request for Rule 404(b) evidence is duly noted, but defendant's motion gives no indication that the government has failed to meet its obligations under the rule. As such, a court order is unnecessary at this time and the motion is denied.

The Court also denies defendant's motion for production of favorable and impeaching evidence. The government is already obligated to disclose to defendant and his counsel all favorable evidence and the existence of any payments, promises, plea agreements, immunity, leniency, or preferential treatment made to prospective witnesses in this case pursuant to the Due Process Clause of the Fifth Amendment, *United States v. Giglio*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). Defendant's request for such evidence is duly noted, but defendant's motion gives no indication that the government has failed to meet its obligations here. As such a court order is unnecessary at this time and the motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to sequester is GRANTED and defendant's motions for notice of intent to use 404(b) evidence and for production of favorable and impeaching evidence are DENIED.

SO ORDERED, this **3** day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE